## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District  Western Missouri | |
|---|---|---|
| Name (under which you were convicted):<br>Leta Faye Douglas | | Docket or Case No.:<br>15-3024-cr-s-MDH |
| Place of Confinement:<br>FCI- Tallahassee | Prisoner No.:<br>27489-045 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. | Leta Faye Douglas | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   US District Court Western Missouri
   400 E. Ninth Street  Room 1510
   Kansas City, MO 64106

   (b) Criminal docket or case number (if you know): 15-3024-CR-S-MDH

2. (a) Date of the judgment of conviction (if you know):  June 14, 2016

   (b) Date of sentencing:  May 31, 2016.

3. Length of sentence:  87 months

4. Nature of crime (all counts):

   18 USC § 1958 Use of Interstate Commerce Facilities In the
              Commission of Murder For Hire.

5. (a) What was your plea? (Check one)

   (1)  Not guilty ☐        (2)  Guilty ☒        (3)  Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
   or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ☐        Judge only ☐
   N/A

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: THE GUILTY PLEA IS THE PRODUCE OF COERCION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See attached memorandum In Support of § 2255 herein.

The defendant's attorney used various forms of mental coercion, to have his client enter a guilty plea.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐    No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Ineffective Assistance of Counsel at Sentencing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached Memorandum In Support of § 2255 herein.

Failure to present mitigating evidence.

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐    No ☒

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** Ineffective Assistance of Counsel: Counsel failed to Prosecute a Direct Appeal.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See attached Memorandum in Support of § 2255 herein.

Petitioner was sentenced on 5-31-2016. Counsel was instructed to prosecute a direct appeal. The time for filing a direct appeal expired on 6-14-2016. No direct appeal was filed.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏    No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

No

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐  No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:
    no

(g) On appeal from any ruling against you in a post-conviction proceeding:
    No

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐   No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion is timely and within the one year statutory guideline

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on
(month, date, year).

Executed (signed) on   4/4/2017   (date).

_Leta Faye Douglas_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion.

```
Leta Faye Douglas # 27489-045
FCI- Tallahassee
501 Capital Circle NE
Tallahassee,  FL   32301
```

# IN THE UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF

## WESTERN MISSOURI

---

## UNITED STATES OF AMERICA

### Plaintiff-Respondent

### Versus

## LETA FAYE DOUGLAS,
### Defendant-Petitioner

---

## MOTION IN SUPPORT OF
## 28 USC §2255

## CRIMINAL CASE NO:

## 15-3024-01-CR-S-MDH

---

Leta Faye Douglas # 27489-045

**FCI-Tallahassee**
**501 NE Capital Circle Drive**
**Tallahassee, Florida**

*THE PETITIONER WAS DENIED THEIR SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT THE PRETRIAL, AND TRIAL STAGE WHEN COUNSEL FAILED TO FILE VARIOUS MOTIONS AND RAISE APPROPRIATE ARGUMENTS.*

Under the Sixth Amendment of the Constitution of the United States, a person accused of a crime has the right to have the assistance of counsel for his defense. "It has[1] been held, however that the right to counsel must be more than just the right to have some attorney physically present with the accused at a criminal proceeding, as that in itself is insufficient to protect the accused rights; such a limited view would render the Sixth Amendment nothing more than an empty formality".

Instead, the right to counsel is regarded as implying a right to effective assistance by competent defense counsel; and if counsel's performance at a given proceeding is not up to reasonable professional standard, or if the judge, prosecutor, or others so interfere with the defense that counsel is unable to properly defend the accused interest, then the accused may have grounds for relief from a conviction, sentence, or other adverse decision which results from the proceedings. The right of an accused to effective assistance of counsel has been repeatedly

---

[1] Strickland v Washington (1984) 466 US 668

1

recognized in decisions of the Supreme Court where competency of defense counsel's representation has been called into question.

In determining whether the accused right to effective assistance of counsel have been so violated as to entitle them to relief, the Supreme Court has looked to a two prong test. First, that counsel was deficient in some specific way. Second, whether counsel's client was prejudiced by the deficiency.[2]

To meet the first prong of the test, the defendant must articulate the deficiency in counsel's performance. It is not enough for the defendant seeking relief from a sentence to identify the deficiency; they must also show and meet the requirements of the second prong of the test the prejudice prong. Under Strickland v Washington (1984), 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052, in order to establish such prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

In determining whether counsel's assistance was reasonable effective under prevailing professional norms,

---

[2] Strickland v Washington (1984) 466 US 668, 80 L Ed 2d 674, 104 S. Ct 2052

2

considering all the circumstances; such judicial scrutiny of counsel's performance, the court stated, "must be highly deferential, avoiding hindsight and evaluating counsel's alleged misconduct from counsel's perspective at the time it occurred".[3] The Court in McMann v Richardson (1970) 397 US 759, 90 L Ed 2d 763, S ct 1441, held that defendant facing felony charges are entitled to the effective assistance of competent counsel.

In 1984 the Supreme Court rendered two decisions which further articulated the principle that the right to counsel is the right to the effective assistance of counsel. First, in Strickland v Washington (1984) 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052, the Court held that the right to counsel guaranteed under the Sixth Amendment, is the right to the effective assistance of counsel, and that counsel can deprive a defendant of that right *simply by failing to render adequate legal assistance.*[4] The Second decision, the Supreme Court reaffirmed and explicated the same principle: In the United States v Cronic (1984) 466 US 648, 80 L Ed 2d

---

[3] Strickland v Washington (1984) 466US 668, 80 L Ed 2d 674, 104 S Ct 2052 (The benchmark must be whether counsel's conduct so undermined the functioning of the adversarial process that the trial cannot be relied on as having produced a just result).

[4] Kimmelman v Morrison (1986 US) 91 L Ed 2d 305, 106 S Ct 2574 (The accused is entitled to assistance of counsel by an attorney, whether retained or appointed who plays the role necessary to insure that the trial is fair). Cuyler v Sullivan (1980) 446 US 335, 64 L Ed 2d 333, 100 S Ct 1708; Evitts v Lucey (1985) 469 US 387, 83 L Ed 2d 821, 105 S Ct 830; McCoy v Court of Appeals (1988) 486 US 429, 100 L Ed 2d 291, 122 S Ct 1237; Martel v Clair ( 2012 US) 182 L Ed 2d 135, 132 S Ct 1276

3

657, 104 S Ct 2039, the Supreme Court noted that the Sixth Amendment requires not merely the provision of counsel, but "assistance" which is to be "***for his defense***", thus the core purpose of the counsel guaranty is to assure "assistance" at trial, when the accused is confronted with both the intricacies of the law and advocacy of the public prosecutor, and the Constitutional guaranty is violated if no actual assistance is provided. To hold otherwise, the Supreme Court found, could convert the appointment of counsel into a 'sham and nothing more than formal compliance with the requirement of the Constitution'.

The Supreme Court also addressed other aspects of criminal proceedings in <u>Missouri v Frye</u> (2012 US) 182 L Ed 2d 519, 132 S Ct 1399, the court addressed concerns that under the Sixth Amendment guarantees, a defendant rights to have counsel present at all <u>critical stages</u> of the criminal proceedings. Critical stages include arraignment, post indictment, interrogations, post- indictment line-ups, considerations of plea agreements and entries of guilty plea[5]. "There exist the right to counsel during sentencing,

---

[5] <u>Fontaine v United States</u> (1973) 411 US 213, 36 L Ed 2d 169, 93 S Ct 1461; <u>Strickland v Washington</u> (1984) 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052; <u>Brady v Maryland</u> (1963) 373 US 83, 10 L Ed 2d 215, 83 S Ct 1194; <u>United States v Dominguez-Benitez</u> (2004 US) 159 L Ed 2d 157, 124 S Ct 2333 (The Supreme Court has decided that the application of Rule 11 of Federal Rules of Criminal Procedure which concerns pleas, may be challenged under 2255) <u>Blackledge v Allison</u> (1977) 431 US 63, 52 L Ed 2d 136, 97 S Ct 1621.

4

as even though sentencing does not concern guilt or innocence, ineffective assistance during sentencing hearing can result in prejudice". Lafler v Cooper (2012 US) 182 L Ed 2d 398, 132 S Ct 1376.

The Supreme Court elaborated the rule that criminal defendants in order to successfully assert claims that the performance of their attorney's violated their Constitutional right to effective assistance of counsel, must show that their representation by the attorney's was deficient in some particular respect; under Strickland v Washington (1984)466 US 668, 80 L Ed 2d 674, 104 S Ct 2052, the Court's benchmark established must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result; and the proper standard for evaluating attorney performance is whether counsel's assistance was reasonably effective under prevailing professional norms, considering all the circumstances. The Supreme Court also held that judicial scrutiny of counsel's performance must be highly deferential, making every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, the Supreme Court ruled, a

5

court evaluating a claim that counsel's assistance was actually ineffective must judge the reasonableness of counsel's challenged conduct against the facts of the particular case, viewed as of the time of the misconduct.

It will generally be appropriate, the Supreme Court stated, for a reviewing court to assess counsel's overall performance through the case in order to determine whether identified acts or omissions overcome the presumption of reasonable professional assistance.[6]

The Court observed in Murray v Carrier (1986 US) 91 L Ed 397, 106 S Ct 2639, that criminal defendant's right to effective assistance of counsel may, in a particular case, be violated by even an *isolated error* of counsel, if that error is sufficiently egregious and prejudicial. The error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal

---

[6] See also Mickens v Taylor (2002) 535 US 162, 152 L Ed 2d 291, 122 S Ct 1237; Bell v Cone (2002 US)152 L Ed 2D 914, 122 S Ct 1843; Wiggins v Smith (US) 156 L Ed 2d 471, 123 S Ct 2527 (held Claim, under Federal Constitution's Sixth Amendment, of ineffective assistance of counsel has two components, pursuant to first of which petitioner for relief from such alleged ineffectiveness must show that counsel's performance was deficient. Also, to establish deficient performance, petitioner must demonstrate that counsel's representation fell below objective standard of reasonableness); Yarborough v Gentry (2003) 540 US 1, 157 L Ed 2d 1, 124 S Ct 1 (Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with benefit of hindsight.) Holland v Jackson (2004 US) 159 L Ed 2d 683, 124 S Ct 2736; Florida v Nixon (2004) 543 US 175, 125 S Ct 551, 160 L Ed 2d 565 (Defense counsel has duty to discuss potential strategies with defendant); Strickland v Washington (1984) 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052 (for purpose of determining whether accused has received ineffective assistance...look to norms of adequate investigation in preparing...)Wong v Belmontes (2009 US) 175 L Ed 2d 328, 130 S Ct 383; Porter v McCollum (2009 US) 175 L Ed 2d 398, 130 S Ct 447; Premo v Moore (2011 US) 131 S Ct 733, 178 L Ed 2d 649 (challengers burden is to show that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed defendant by Federal Constitution's Sixth Amendment);Boyde v California (1990) 494 US 924, 109 L Ed 2d 322, 110 S Ct 1961; Wiggins v Smith (US) 156 L Ed 2d 471, 123 S Ct 2527 (Reasonable probability is probability sufficient to undermine the confidence in outcome.)

proceeding on the ground of a violation of the defendant's
Sixth Amendment right to effective assistance of counsel if
the error had no effect on the judgment, held the Court.
In Strickland v Washington (1984) 466 US 668, 80 L Ed 2d
674, 104 S Ct 2052 in order to establish such prejudice,
the defendant must show that there is a reasonable
probability that, but for counsel's unprofessional errors,
the result of the proceeding would have been different.

The defendant received ineffective assistance of counsel during the pretrial stage of her indictment.  The trial attorney used various forms of coercion to obtain a guilty plea.  The below referenced argument outlines the various mental mind games played by the attorney to push the defendant into a guilty plea.

## I. Review of Discovery:

During the course of the indictment, the attorney received discovery. Part of the obligation as an attorney is to review discovery with the client and explain the various nuances and how discovery could be interpreted by the government.  In the  instant case, Ms. Douglas did not have the opportunity to have questions regarding her discovery answered.  Her attorney sent his paralegal to review discovery with Ms. Douglas.  As a consequence she received poor legal advise because the paralegal proffered legal argument and lines of defense.  Ms. Douglas believed that her attorney supported these lines of defense, because he is the person who sent the paralegal to perform a task he is required to do.

One of these lines of defense was that this sting operation was entrapment.  Yet, the attorney,  did not raise this as a defense. Counsel later stated entrapment wasn't a defense, but didn't deny that this directive was given to his paralegal, nor did he discuss why he would recommend a defense  such as this.

## II. Sentence Length.

The petitioner's counsel also stated to her, that she would receive a five year sentence.  Counsel did not discuss how the guidelines work and therefore the defendant had no idea what questions should have been asked- other than 'how long will I have to be imprisoned'.

A criminal defendant sentence is a consideration for entering a plea agreement or a change of plea. Should the length not be in a range that the defendant believes her conduct warrants, then such a consideration would be to proceed to trial. In this case, the attorney for Ms. Douglas advised her that approximately 5 years would be her sentencing range. But for counsel's unprofessional errors the result of the proceedings would have been different. The defendant would have proceeded to trial.

## *THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT HER SENTENCING HEARING.*

The Supreme Court address the aspect of sentencing hearings in <u>Wong v Belmontes</u> (2009 US), 175 L Ed 2d 328, 130 S Ct 383. It held that a defendant to establish reasonable probability that a competent attorney, aware of available mitigating evidence, would have introduced it at sentencing, and that had a jury been confronted with this mitigating evidence, there is a reasonable probability that it would have returned a different sentence. For purposes of the rule that a Federal criminal defendant in order to obtain relief for alleged violation of right to effective assistance of counsel under the Sixth Amendment must show that counsel's performance was deficient and that such performance prejudiced defense. A defendant establishes prejudice where it is shown that (1) trial court erred in Federal Sentencing Guidelines (18 USCS Appx) determination, and (2) as a result of such error, about which counsel failed to argue, defendant's sentence was increased: It is error to engraft onto prejudice branch of ineffective assistance test additional requirement that denies relief when increase in sentence is said to be not so significant as to render outcome of sentencing unreliable or fundamentally unfair; on assumption that Federal trialcourt.

## CLAIM FOR RELIEF
### INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING.  COUNSEL FAILED TO PRESENT ANY SENTENCING MITIGATING EVIDENCE.

Counsel for Ms. Douglas rendered ineffective counsel at the sentencing hearing.  Prior to the sentencing, counsel for the defendant badgered the defendant into taking responsibility for the death of her father, Who is not involved in this case. Counsel convinced Ms. Douglas to draft a letter which was to be read in open court during sentencing, that tells the court that her father's death is Ms. Douglas responsibility. Criminal proceedings are difficult enough and stressful enough, without an attorney who is charged with defending a client; to put more pressure and mental strain on her- convincing her to write a letter accepting responsibility for something that's not the fault of the defendant. This is mentally coercive in nature.  On the day of sentencing counsel for the defendant apparently changed his mind, and Ms. Douglas was not permitted to read the letter.

Counsel for Ms. Douglas failed to mention that he had numerous conversations with the 'victim' Mary Hebblethwaite.  In fact, the contact was so numerous that no criminal defendant could possibly gleen information that would be helpful for his client.  Instead, he was attempting to ensure that this strategy pushed his client into a guilty plea.  Counsel failed to inform the court of the relationship that the defendant had with her sister and present mitigating facts which would lower her sentence to the five years which he stated she would receive.  But for counsel's unprofessional errors the result of the proceedings would have been different, the defendant would most likely have received a five year sentence.

11

## *THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL* WHEN COUNSEL WAS INFORMED HER WISHES TO PROSECUTE A DIRECT APPEAL, AND FAILED TO.

In Anders v California (1967) 386 US 738, 18 L Ed 2d 493,

87 S Ct 1396, requirement of substantial quality and fair

process can only be attained where court appointed counsel

for a criminal defendant acts in the role of an active

advocate on behalf of his client, as opposed to that of

amicus curiae. The Court also noted that Gideon v

Wainwright (1963) 372 US 335, 9 L Ed 2D 799, 83 S Ct 792.

The Supreme Court has also held that Counsel's failure to

take steps necessary to pursue an appeal violate the right

to effective assistance of counsel and counsel failed if he

improperly failed to raise the best issues and arguments.

### CLAIM FOR RELIEF

1. The petitioner instructed her attorney to prosecute a Direct Appeal.

2. The petitioner was sentenced on 5-31-2016.

3. The time for filing a notice of appeal expired on June 14,2016.

4. No Direct Appeal was filed.

5. But for counsel's unprofessional errors the petitioner would have taken a direct appeal.

## THE PETITIONER DOUGLAS DEMONSTRATED THAT AN EVIDENTIARY HEARING IS NEEDED BECAUSE THE COURT RECORD IS NOT FULLY DEVELOPED.

In <u>United States v Frady</u>(1982) 456 US 152, 71 L Ed 2d 816, 102 S Ct 1584, The Supreme Court of the United States stated that a 'cause and actual prejudice' standard, rather than 'plain error' standard, is the proper standard for review of a motion under 28 USCS § 2255 for vacation of a sentence that allegedly is based on trial errors to which no contemporaneous objection was made to succeed on such a motion, the court said, a petitioner must show both (1) 'cause' that excuses the petitioner's procedural default in failing to contemporaneously object, and (2) 'actual prejudice" that resulted from the errors of which the petition complains. The Court noted that the petitioner must show not merely that the alleged errors at trial created a possibility of prejudice, but that such errors worked to the petitioner's actual and substantial disadvantage, infecting the trial with error of constitutional dimension.

## SUMMARY

Therefore the petitioner has presented arguments for violations of ineffective assistance and due process at various stages of the criminal proceeding. She has shown that Counsel has violated her constitutional right to a fair trial and fair proceedings. This motion is articulately stated and meets the two prong analysis of Strickland standard. Therefore she humbly ask this court to:

*ORDER her sentence to be VACATED and obtain an immediate release; and/or*

*APPOINT her Counsel and allow them to prove their case; and/or;*

*GRANT A CERTIFICATE OF APPEALABILITY for the various constitutional issues raised herein and/or;*

*ORDER AN EVIDENTIARY HEARING and allow for the record to be fully developed.*

Sincerely,

Leta Faye Douglas

Leta Faye Douglas # 27489-045
FCI- Tallahassee
501 Capital Circle, NE,
Tallahassee Florida 32301

14

◇27489-045◇
27489-045
Lena Douglas
27489-045
Federal Correctional Institute
501 Capital Circle n.e.
Tallahassee, FL 32301
United States

RECEIVED

◇27489-045◇
Clerk Of Court
US District Western MO
400 E 9TH ST
#1510A
Kansas CITY, MO 64106
United States

7014 1620 0000 0993 0600



CERTIFIED MAIL

